Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa

Central Division

**RECEIVED**

JUL 1 7 2023

**CLERK** U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| Tomika Hindson | Case No. 4-23-CU-238 |
|  | *(to be filled in by the Clerk's Office)* |

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Jury Trial: *(check one)*   ☒ Yes   ☐ No

CENTRAL CREDIT SERVICES

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tomika Hindson |
| Street Address | P.O. BOX 3754 |
| City and County | URBANDALE POLK |
| State and Zip Code | IOWA 50323 |
| Telephone Number | 9288755124 |
| E-mail Address | |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CENTRAL CREDIT SERVICES |
| Job or Title *(if known)* | |
| Street Address | 9550 REGENCY SQUARE BOULEVARD SUITE 602 |
| City and County | JACKSONVILLE, DUVAL COUNTY |
| State and Zip Code | FLORIDA 32225 |
| Telephone Number | 904-724-1800 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | C T CORPORATION SYSTEM |
| Job or Title *(if known)* | AGENT |
| Street Address | 400 EAST COURT AVENUE SUITE 110 |
| City and County | DES MOINES, POLK |
| State and Zip Code | IOWA 50309 |
| Telephone Number | 515-412-0911 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Jurisdiction of this Court arises under a federal question, namely the FCRA, 15 U.S.C § 1681p and jurisdiction is proper Pursuant to 28 U.S.C. § 1331.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of
the State of *(name)* _____ . Or is a citizen of
*(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

COMPLAINT AND DEMAND FOR JURY TRIAL

JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 USC § 1681p, 15 USC § 1692k(d) and 28 USC § 1331.

2.      Venue is proper in this district under 28 USC § 1391(b) as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

3.      Plaintiff, Tomika Hindson, "Pro Se" is a natural person and resident of the State of Iowa.  She is a "consumer" as defined in the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692a(3).

4.      Defendant Central Credit Services, LLC ("Debt Collection Agency") is a company that collects debts through mail, phone calls, and electronic communication. At all relevant times herein, CCS, LLC has engaged in debt collection activities.

5.      Defendant, CCS, LLC is a "debt collector" as defined under the FDCPA, 15 USC § 1692a(6), as it regularly attempts to collect debts allegedly owed to others.

6.      Defendant, CCS, LLC is a third-party collection agency headquartered in Amber, Pennsylvania.  CCS, LLC purchases debts from various industries such as medical, utilities, telecommunications, retail, education, credit cards, banks, and government debts.

7.      Defendant, CCS, LLC is a foreign limited liability company and a branch of Radius Holdings LLC who Headquarters are located at 50 West Skippack Pike of Amber, Pennsylvania 19002.

8.      Defendant, CCS, LLC has a local registered agent and location listed as C T Corporation System located at 400 East Court Avenue Suite 110 of Des Moines, Iowa 50309.

INTRODUCTION

9.      Plaintiff brings this action for Defendants' violations of the Fair Credit Reporting Act ("FCRA").  Defendant, CCS, LLC willfully and Negligently obtained Plaintiff's consumer reports from Consumer Reporting Agency without a permissible purpose under the Fair Credit Reporting Act.

10.      Under the Fair Credit Reporting Act, consumer reports may only be obtained for certain limited permissible purposes. Including when the report will be used for extending credit, review or collection account, employment purposes, underwriting insurance, or in response to a court order.

11.      The definition of an "account" under the ("FCRA") refers to an established business relationship between a consumer and a creditor where the consumer has incurred a financial obligation or demonstrated creditworthiness through payments.

12.      Defendant, CCS, LLC did not have any of these permissible purposes when it obtained Plaintiff's consumer report. Instead, Defendant CCS, LLC assessed Plaintiff's consumer report for the unlawful purpose of targeting Plaintiff as a potential debtor and seeking to collect on an alleged debt from Plaintiff.

13.      By obtaining Plaintiff's consumer report without a permissible purpose, Defendant CCS, LLC willfully and negligently violated multiple provisions of the Fair Credit Reporting Act, including 15 USC § 1681b, which governs the permissible purposes of consumer reports.  Defendant, CCS, LLC is subject to civil liability under 15 USC § 1681n for the willful noncompliance and 15 USC § 1681o for negligent noncompliance.

FACTUAL ALLEGATIONS

14.    On June 24, 2023, Plaintiff decided to review her consumer reports from annualcreditreport.com only to discover that Defendant, CCS, LLC had made an inquiry(s) and reviewed the Plaintiff's file without her consent under the "Account Review Inquiries" section of the TransUnion Consumer Reports.

15.    The Defendant, CCS, LLC accessed and reviewed the Plaintiff's TransUnion Consumer Reports on June 17, 2022, without obtaining the Plaintiff's express consent, violating 15 USC § 1681b of the Fair Credit Reporting Act.

16.    Defendant, CCS, LLC actions caused the Plaintiff emotional distress, mental anguish, and psychological harm.

17.    The Plaintiff requests that Defendant compensate her for damages due to the FCRA violation(s) under 15 USC § 1681n for willful noncompliance and 15 USC § 1681o for negligent noncompliance.

18.    Defendant, CCS, LLC both willfully and negligently violated 15 USC § 1681b by obtaining Plaintiff's TransUnion Consumer Report without a permissible purpose under the Fair Credit Reporting Act.

19.    Defendant, CCS, LLC obtained the Plaintiff's personal information under false pretenses in violation of 15 USC § 1681q.

20.    Defendant, CCS, LLC has violated privacy laws by improperly accessing and or disclosing Plaintiff's nonpublic personal information in violation of 15 USC § 6801 of the Gramm-Leach-Bliley Act and unlawfully accessing Plaintiff's stored electronic communications in violation of 18 USC § 2701 OF THE Electronic Communications Privacy Act.

COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

21.    Plaintiff reincorporates by referencing all the preceding paragraphs.

22.    Defendant, CCS, LLC violated the Fair Credit Reporting Act as follows:
•      15 USC § 1681b, by obtaining Plaintiff's TransUnion Consumer Report without a permissible purpose;
•      15 USC § 1681n for willful noncompliance;
•      15 USC § 1681o for negligent noncompliance;
•      15 USC § 1681q by obtaining Plaintiff's information under false pretenses.

Defendants' violations of the Fair Credit Reporting Act caused Plaintiff damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:
•      Actual damages of $1,000.00 per each FCRA violation under 15 USC § 1681n or 15 USC 1681o
•      Statutory damages of $1,000.00 per each FCRA violation Pursuant to 15 USC § 1681n(a)(1)(A)
•      Punitive damages Pursuant to 15 USC § 1681n
•      Any other relief deemed proper by the Court.

COUNT II: VIOLATION OF PRIVACY LAWS

23.    Plaintiff reincorporates by referencing all the preceding paragraphs.

24.    Defendant, CCS, LLC violated privacy laws as follows:
•      15 USC § 6801 of the Gramm-Leach Bliley Act by improperly accessing and or disclosing Plaintiff's nonpublic personal information;
•      18 USC § 2701 of the Electronic Communications Privacy Act by unlawfully accessing Plaintiff's stored electronic communications.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendants' violations of Privacy Laws caused Plaintiff damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:
- Actual damages of $1,000.00 per each FCRA violation under 15 USC § 1681n or 15 USC 1681o
- Statutory damages of $1,000.00 per each FCRA violation Pursuant to 15 USC § 1681n(a)(1)(A)
- Punitive damages Pursuant to 15 USC § 1681n
- Any other relief deemed proper by the Court.

Respectfully Submitted,
Tomika Hindson, "Pro Se"

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:
- Actual damages of $1,000.00 per each FCRA violation under 15 USC § 1681n or 15 USC 1681o
- Statutory damages of $1,000.00 per each FCRA violation Pursuant to 15 USC § 1681n(a)(1)(A)
- Punitive damages Pursuant to 15 USC § 1681n
- Any other relief deemed proper by the Court.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         07/15/2023

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Signature of Plaintiff

Printed Name of Plaintiff        Tomika Hindson "Pro Se"

## B.    **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address